```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
GLENN LEGER, on behalf of himself and all       :
others similarly situated,                      :
                                                :
                    Plaintiff,                  :          REPORT AND
                                                :          RECOMMENDATION
            -against-                           :
                                                :          16-CV-6545 (PKC)(PK)
CONRAD KALITTA and KALITTA AIR, LLC,            :
                                                :
                    Defendants.                 :
                                                :
------------------------------------------------------------ x
```

**Peggy Kuo, United States Magistrate Judge:**

      Plaintiff Glenn Leger is an airplane mechanic formerly employed by Defendants Conrad Kalitta ("Kalitta" or "Individual Defendant") and Kalitta Air, LLC ("Kalitta Air" or "Corporate Defendant," and collectively with the Individual Defendant, "Defendants"). (*See* Compl. ¶¶ 7-8, Dkt. 1.) Kalitta is the Chief Executive Officer ("CEO") and owner of Kalitta Air. (*See id.* ¶ 17; Kalitta Decl. ¶ 1, Dkt. 26.) On November 23, 2016, Plaintiff brought this action against Defendants as a proposed collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, on behalf of all mechanics employed by Defendants and denied overtime compensation, and as a proposed class action involving state law claims. (*See* Compl.) On June 12, 2017, Defendants moved to dismiss Plaintiff's FLSA claim against both Defendants for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and all claims against the Individual Defendant for lack of personal jurisdiction, Fed. R. Civ. P. 12(b)(2). (*See* Defendants' Memorandum of Law ("Defs.' Mem.") at 9-15, Dkt. 29.) Additionally, Defendants request that the Court dismiss Plaintiff's state law claims for improper venue, Fed. R. Civ. P. 12(b)(3), or transfer them to the Eastern District of Michigan, 28 U.S.C. § 1404(a). (*See* Defs.' Mem. at 15-23.)

      The Honorable Pamela K. Chen has referred Defendants' Motion to Dismiss ("Motion") to

1

the undersigned for a report and recommendation. (*See* September 7, 2017 Order.) For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted, Plaintiff's FLSA claim be dismissed for lack of subject matter jurisdiction, and Plaintiff's state law claims be dismissed without prejudice to recommence in state court. Alternatively, the undersigned recommends that all claims against the Individual Defendant be dismissed for lack of personal jurisdiction.

## DISCUSSION

I.    **Subject Matter Jurisdiction**

    a.    <u>Conversion of Rule 12(b)(1) Motion to Rule 12(b)(6) Motion</u>

Defendants argue that this Court lacks subject matter jurisdiction because Kalitta Air is a common carrier, triggering the FLSA's air carrier exemption, and this defense appears on the face of the Complaint. (*See* Defs.' Mem. at 11.) Plaintiff opposes Defendants' Rule 12(b)(1) motion on the ground that the application of an FLSA exemption is an affirmative defense which should have been raised in a pre-answer Rule 12(b)(6) motion for failure to state a claim. (Plaintiff's Memorandum of Law ("Pl.'s Mem.") at 9, Dkt. 30.) Nonetheless, Plaintiff applies Rule 12(b)(6) in arguing for the Motion's denial. (*See* Pl.'s Mem. at 9-11.) In response, Defendants urge the Court to grant the Motion regardless of how the Court construes it, as one brought under Rule 12(b)(1), Rule 12(b)(6) or Rule 56. (*See* Defendants' Reply Memorandum ("Defs.' Reply Mem.") at 4-7, Dkt. 32.)

Since the parties have fully briefed the exemption issue under both Rules 12(b)(1) and 12(b)(6), the undersigned finds that Plaintiff is not prejudiced and recommends that the Court consider Defendants' Rule 12(b)(1) motion as a 12(b)(6) motion. *See Fraternal Order of Police, Nat. Labor Council, USPS No. 2 v. U.S. Postal Serv.*, 988 F. Supp. 701, 704 n.2 (S.D.N.Y. 1997) (finding that Plaintiff was not prejudiced and converting a Rule 12(b)(1) motion to a Rule 12(b)(6) motion); *Mai v. Colvin*, No. 14-CV-5414 (PKC), 2015 WL 8484435, at *3 (E.D.N.Y. Dec. 9, 2015) (construing a Rule

12(b)(1) motion as a Rule 12(b)(6) motion).

Under Rule 12(b)(6), the Court may not dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Saca v. Dav-El Reservation Sys., Inc.*, 600 F. Supp. 2d 483, 486 (E.D.N.Y. 2009) (quoting *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir. 1998)) (internal quotations omitted). In considering a Rule 12(b)(6) motion, the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *Saca,* 600 F. Supp. 2d at 486.

      b. <u>The Air Carrier Exemption</u>

The FLSA overtime requirements do not apply to "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." 29 U.S.C. § 213(b)(3). The Railway Labor Act ("RLA") applies to "every common carrier by air engaged in interstate or foreign commerce." 45 U.S.C. § 181; *see also Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 539 (S.D.N.Y. 2008). The Second Circuit has not defined what constitutes a "common carrier by air" for the purpose of the RLA. However, other circuits that have considered the issue have held that "the crucial determination in assessing the status of a carrier is whether the carrier has held itself out to the public or a definable *segment* of the public as being willing to transport for hire, indiscriminately." *Thibodeaux v. Executive Jet Int'l, Inc.,* 328 F.3d 742, 750 (5th Cir. 2003) (emphasis in original) (quoting *Woolsey v. Nat'l Transp. Bd.,* 993 F.2d 516, 523 (5th Cir. 1993); *Valdivieso v. Atlas Air, Inc.,* 305 F.3d 1283, 1287 (11th Cir. 2002) (same).

Plaintiff alleges that Kalitta Air "refers to itself as a 'leading provider of air cargo transportation.'" (Comp. ¶ 3.) Although the Complaint does not identify the source of this quotation, Plaintiff's counsel stated during the pre-motion conference that it is Kalitta Air's website.

3

(*See* Garland Suppl. Decl. Ex. 1 at 6, Dkt. 33-1; Defs.' Mem. at 13.) Plaintiff also alleges that Kalitta Air is a "freight carrier" that contracts with the U.S. government and "sub-contracts for other cargo carriers." (Comp. ¶ 16.) Defendants argue that these allegations, together with information from the websites of Kalitta Air and the U.S. Department of Transportation (DOT), establish that Kalitta Air solicits business from a definable segment of the public, indiscriminately. (*See* Defs.' Mem. at 13; Garland Decl. Exs. D-H.) Plaintiff contends that these allegations are insufficient to meet the "heavy burden of showing that exemption exists" on a motion to dismiss, because Plaintiff does not allege specific facts as to how Kalitta Air "held itself out as a common carrier to the federal government." (*See* Pl.'s Mem. at 9-10.)

Plaintiff also maintains that screenshots of Kalitta Air's website submitted by Defendants as an exhibit in support of the Motion are "not properly part of the record." (*Id.*) In response, Defendants request that the Court convert their motion to dismiss to a motion for summary judgment under Rule 56, in order for the Court to consider such evidence outside the pleadings. (*See* Defs.' Suppl. Mem. at 6.)

Converting Defendants' Motion to a Rule 56 motion is unnecessary, because the Court need not rely on extrinsic evidence to decide whether Kalitta Air is a common carrier by air. When reviewing a Rule 12(b)(6) motion, the Court is entitled to consider:

> (1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents "integral" to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Kunda v. Caremark PhC, L.L.C.*, 119 F. Supp. 3d 56, 61 (E.D.N.Y. 2015) (internal citations omitted). Plaintiff argues that the submissions regarding Kalitta Air's website are not part of Plaintiff's

4

Complaint or central to his claims. (*See* Pl.'s Mem. at 10.) However, in light of the fact that Plaintiff directly quoted from Kalitta Air's website and attributed the quotation to Kalitta Air, the section of the website from which Plaintiff quoted is appropriately considered here as a document Plaintiff had knowledge of and relied upon in the Complaint.

Looking only at the page quoted in the Complaint—without reference to any other sections of the website—it is clear that Kalitta Air solicits business from "a definable *segment* of the public," and does so indiscriminately. *Thibodeaux,* 328 F.3d at 750. This page states that Kalitta Air "offer[s] both scheduled and chartered transportation services worldwide," "can handle virtually anything—flying freight, pilot training, providing MRO maintenance, and everything in between," and "has the desire, willingness, and ability to accomplish just about any task." (*See* Garland Decl. Ex. D at 2, Dkt. 24-4.) The crucial inquiry is whether "the common carrier defines itself through its own marketing efforts as being willing to carry any member of *that segment of the public* which it serves." *Thibodeaux,* 328 F.3d at 753 (emphasis added) (internal quotation marks and citation omitted). Kalitta Air satisfies this requirement because it offers its service indiscriminately to any member of the public seeking air transportation and related services.

In addition to the information from Kalitta Air's website, the Court may take judicial notice of "documents retrieved from official government websites" or other government records from such websites. *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 166 (S.D.N.Y. 2015); *see also Ligon v. Doherty*, 208 F. Supp. 2d 384, 386 (E.D.N.Y. 2002) (taking judicial notice of information regarding a prisoner's whereabouts in the New York prison system that is listed in the New York State Department of Correctional Services website); *Am. Cas. Co. of Reading, PA v. Lee Brands, Inc.*, No. 05-CV-6701 (SCR), 2010 WL 743839, at *4 (S.D.N.Y. Mar. 3, 2010) (taking judicial notice of government records which had been filed with the California Secretary of State). Defendants submitted, as exhibits to their Memorandum of Law, a copy of

Kalitta Air's "Air Carrier Certificate" issued by the DOT, authorizing Kalitta Air to "operate as an air carrier and conduct common carriage operations," and the "Certificated Air Carriers List," which includes Kalitta Air and is maintained on the DOT's website. (Garland Decl. Exs. J, I at 3.) The Court may take judicial notice of these government records pursuant to Fed. R. Evid. 201(b)(2) as they are "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." *Am. Cas. Co. of Reading*, 2010 WL 743839, at *4. The Eleventh Circuit, in finding that Atlas Air was a common carrier by air, noted that "Atlas Air is licensed by the U.S. Department of Transportation as a common carrier." *Valdivieso*, 305 F.3d at 1287. The DOT's designation of Kalitta Air as a common carrier here is similarly compelling.

Considering the DOT designation and Kalitta Air's own representation of itself to a definable segment of the public as an air carrier willing to transport for hire, indiscriminately, the undersigned finds that Kalitta Air is a common carrier by air subject to the RLA and that the FLSA common carrier exemption applies to this case. Accordingly, the undersigned recommends that Plaintiff's FLSA claim be dismissed for lack of subject matter jurisdiction.

## II. State Law Claims

Defendants request that the remaining state law claims be dismissed for improper venue or transferred to the Eastern District of Michigan. Because the undersigned recommends that Plaintiff's federal claim be dismissed, the undersigned further recommends that the remaining state law claims be dismissed under 28 U.S.C. § 1367(c), rather than for improper venue. Under Section 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction . . . if . . . the court has dismissed all claims over which it has original jurisdiction." Generally, where all federal-law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Robbins v. City of New York*,

254 F. Supp. 3d 434, 438 (E.D.N.Y. 2017) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see also Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004) ("[A]s a general proposition, . . . if all federal claims are dismissed before trial . . . the state claims should be dismissed as well.") (internal quotation marks and citation omitted). Here, the parties have not yet engaged in discovery and the case is at its very early stage. Therefore, considerations of judicial economy, convenience, fairness and comity advise against retaining supplemental jurisdiction over the state claims after having disposed of the FLSA claim.

### III. Personal Jurisdiction

If the Court does not dismiss the FLSA claim for lack of subject matter jurisdiction, the undersigned alternatively recommends that all claims against the Individual Defendant be dismissed for lack of personal jurisdiction.

"On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566-67 (2d Cir. 1996). Prior to discovery, where a court relies on pleadings and affidavits, the plaintiff "need only make a prima facie showing that the court possesses personal jurisdiction over the defendant." *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001) (internal citations omitted). The Court must construe the pleadings and affidavits in the light most favorable to Plaintiff, and "assume[] the verity of the allegations to the extent that they are uncontroverted by the defendant's affidavits." *Giuliano v. Barch*, No. 16-CV-0859 (NSR), 2017 WL 1234042, at *3 (S.D.N.Y. Mar. 31, 2017) (quoting *MacDermid, Inc., v. Deiter,* 702 F.3d 725, 727 (2d Cir. 2012)) (internal quotation marks omitted)).

New York's long-arm statute, N.Y. Civ. Prac. Laws and Rules ("C.P.L.R.") § 302, provides that a court may exercise personal jurisdiction over a foreign defendant who, in person or through an agent, transacts any business within the state. *See* C.P.L.R. § 302(a)(1); *see also Agency Rent A Car*

7

*Sys., Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996). "[P]roof of one transaction in New York is sufficient to invoke jurisdiction, even though the defendant never enters New York." *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 43 (N.Y. 1988). In order for this provision to be applicable, however, Plaintiff's claim must arise from purposeful business transactions within the state. *See Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246 (2d Cir. 2007) (internal citation omitted); *see also Strauss v. Credit Lyonnais, S.A.*, 175 F. Supp. 3d 3, 18 (E.D.N.Y. 2016).

Plaintiff does not allege specific facts suggesting that Kalitta, a Michigan resident, has personally transacted any business related to Plaintiff's claims in New York. Plaintiff does not allege that Kalitta negotiated the employment contract with Plaintiff in New York, authorized his employment in New York, or sent correspondences related to Plaintiff's employment into New York. *See Tianbo Huang v. iTV Media, Inc.*, 13 F. Supp. 3d 246, 255 (E.D.N.Y. 2014); *see also Friars Nat. Ass'n v. 9900 Santa Monica, Inc.,* No. 04-CV-4520 (PKC), 2005 WL 1026553, at *4 (S.D.N.Y. May 2, 2005) (citing cases where certain correspondences can predicate personal jurisdiction); *but see Beatie & Osborn LLP v. Patriot Sci. Corp.*, 431 F. Supp. 2d 367, 389 (S.D.N.Y. 2006) (finding that telephone conferences about the contract at issue, without additional evidence, are insufficient to establish personal jurisdiction over the out-of-state corporate officer). Plaintiff simply alleges that Kalitta is the CEO and sole owner of Kalitta Air and is involved in "hiring and firing, setting pay rates, setting schedules, and determining the duties of and personnel policies applicable to the Mechanics." (Compl. ¶ 17; Pl.'s Mem. at 6.) In direct contradiction to Plaintiff's allegation, Kalitta states in a sworn declaration that he does not "determine airplane mechanics' duties and personnel policies" or set their pay rates or work schedules. (*See* Kalitta Decl. ¶ 7.) He further declares that "[t]hese tasks are completed by Mark Nolff, the Director of Maintenance." (*Id.*) Mark Nolff confirms that he is responsible for all of these tasks. (*See* Nolff Decl. ¶¶ 5-6, Dkt. 28.)[1]

---

[1] Since Mark Nolff is not a party to this action, the undersigned does not discuss whether these acts subject

8

Plaintiff also does not allege that Kalitta Air's business transactions are attributable to Kalitta. Plaintiff alleges that the location of his employment was John F. Kennedy International Airport ("JFK Airport") and that the planes he worked on took off from and returned to JFK Airport. (*See* Comp. ¶¶ 3, 10.) While these are examples of the Corporate Defendant's business transactions in New York, Plaintiff does not allege that these activities are carried out by the Corporate Defendant on behalf of the Individual Defendant.

The Court may not extend personal jurisdiction to a non-domiciliary individual based on a corporation's business transactions within the state merely because the former is the owner or a corporate officer of the latter. *See Kinetic Instruments, Inc. v. Lares,* 802 F. Supp. 976, 984 (S.D.N.Y. 1992) ("The fact that [Plaintiff] is the President and majority shareholder of [the corporation] does not necessarily mean that the corporation will be considered his agent."). In order to establish personal jurisdiction over an out-of-state corporate officer based on the corporation's activities within the state, a plaintiff must show that the officer is a "primary actor[ ] in the [corporation's] transaction in New York" and not merely "some corporate employee." *Retail Software Servs., Inc. v. Lashlee,* 854 F.2d 18, 22 (2d Cir. 1988); *see also Giuliano v. Barch*, No. 16-CV-0859 (NSR), 2017 WL 1234042, at *8-9 (S.D.N.Y. Mar. 31, 2017) (finding "merely general" allegations about "Plaintiff's work in New York in the Complaint" insufficient to establish personal jurisdiction over individual defendants). Furthermore, even where the corporate officer was "principally involved" in the transaction that gave rise to Plaintiff's claim, courts have held that personal jurisdiction cannot be established absent an allegation that the company's activity was performed for the corporate officer's benefit and with her knowledge and consent. *See Beatie & Osborn LLP,* 431 F. Supp. 2d at 389-90; *Retail Software Servs.*, 854 F.2d at 22; *Kreutter*, 522 N.E.2d at 44. Plaintiff does not allege that Kalitta was a primary actor in Kalitta Air's business transactions in New York or that Kalitta had knowledge

---

him to this Court's personal jurisdiction.

9

of and benefited from such transactions.

The undersigned finds that Plaintiff has failed to make a prima facie showing that his claims arise from any purposeful business transaction by the Individual Defendant in New York. Accordingly, the undersigned recommends dismissal of all claims against the Individual Defendant.

## **CONCLUSION**

The undersigned respectfully recommends that the Motion be granted, Plaintiff's FLSA claim be dismissed for lack of subject matter jurisdiction, and Plaintiff's state law claims be dismissed without prejudice to pursue in state court. Alternatively, the undersigned recommends that all claims against the Individual Defendant be dismissed for lack of personal jurisdiction.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

                              **SO ORDERED:**

                              *Peggy Kuo*
                              PEGGY KUO
                              United States Magistrate Judge

Dated:   Brooklyn, New York
             January 26, 2018